NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

KATIE SCHWARTZ, PETITIONER, v. HARRY KRIEGER, RESPONDENT.

For the petitioner, *Charles Gorsch.*

For the respondent, *Harley, Cox & Walburg.*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

2. The petitioner, in her claim petition, alleges that she was employed by the respondent as a janitress and general caretaker of the premises known as No. 899 Hunterdon street, in the city of Newark; that on January 24th, 1927, between three and four P. M. she had swept the front and rear foyer halls of the said premises and was taking the refuse, collected from said halls, to the rear alleyway where the garbage cans are kept, and after depositing the refuse in the garbage cans she was returning to the halls when she slipped and fell on the icy sidewalk and sustained a fracture of the femur of the left leg. The petitioner testified that she had been engaged by the respondent as a janitress and that her work included sweeping halls, putting on the lights and taking in the garbage cans from the street to the yard; that on the day of the accident she was cleaning the front vestibule and had carried some refuse, collected in the vestibule, to the garbage cans in the yard and was returning to the house when she slipped on an icy isdewalk and fell, injuring herself. She also testified that she always swept the halls on the first floor as janitress and that the tenants did not, at any time, sweep the halls. She also testified that she lived in the premises with her son-in-law and daughter and that she paid $15 a month board to her son-in-law and that after she began to work as a janitress the respondent, who was the landlord, deducted $10 from her son-in-law's rent and she thereafter only paid $5 a month board. On cross-examination she admitted that she testified, under oath, at an informal hearing on September 23d, 1927, and that at that time she testified that before the accident she took some garbage out to the cans in the yard and that the garbage consisted of dirt and papers which she had swept up in the halls. She also admitted that at the informal hearing she did not testify that she had cleaned out the front vestibule immediately prior to the accident.

Mrs. Berkowitz, a daughter of the petitioner, testified that she was present when the respondent engaged her mother to do the janitor work and that after the accident she herself took care of the janitor work until the building was sold by the respondent.

The respondent testified that he had not engaged the petitioner to do any work for him, but that he had engaged the daughter of the petitioner to sweep out and clean the front vestibule, carry in the garbage cans from the street and turn the lights off and on. He also testified that there was no sweeping for the janitress to do in the hallways as the tenants themselves took turns doing this work. He further testified that he had never paid the petitioner any money and that he had deducted $10 a month from the rent of Mr. and Mrs. Berkowitz, the daughter and son-in-law of the petitioner. The wife of the respondent, who was present when the contract of employment was made, corroborated him on this phase of the case.

Three tenants, a Mrs. Wallad, a Mrs. Plackcey and a Mrs. Eretag, testified that they were tenants at the time of the accident and had been for a long time prior thereto; that it was the custom of the tenants to take turns in sweeping out the halls and that the janitress did not do this work and never had done it. Mrs. Wallad and Mrs. Eretag testified that they heard the petitioner scream when she fell and that they went down to the back yard and found her lying on the ice. They carried her into the house and gave her first aid treatment. Mrs. Plackcey came to the apartment after the petitioner had been carried in. Mrs. Wallad asked the petitioner why she went out into the yard on such a stormy day, the testimony being that it was sleeting at the time. The petitioner stated that she had some garbage in her kitchen which she wished to carry to the garbage can; that she had done this and was returning to the apartment at the time of the accident. Mrs. Wallad was corroborated on this conversation by the other tenants who were present. The petitioner denied that this conversation took place.

A Mrs. Brodkin testified for the petitioner that she saw her fall and that she came to the apartment and was there when the tenants carried her in. The three tenants referred to denied that Mrs. Brodkin was present at the time. The three tenants referred to also testified that they had seen both the petitioner and her daughter, Mrs. Berkowitz, sweep the halls and also the front vestibule prior to the accident.

This is one of those cases in which there is a sharp dispute of fact as to the material questions involved. The respondent denies that the petitioner was employed by him and that the accident arose out of and in the course of any employment. It is clear from a reading of the testimony that the petitioner has failed to sustain the burden of proof placed upon her by the statute. The mere fact that the petitioner on some occasions had turned on the lights and cleaned the front vestibule and the halls is by itself no proof of the contract of hire. If the petitioner's daughter, Mrs. Berkowitz, was engaged by the respondent to take care of the front vestibule, the lights and the garbage cans, it does not seem inconsistent with that arrangement that the petitioner should assist her daughter in performing these light duties. The testimony is overwhelmingly in favor of the respondent that the halls were kept clean by the tenants through an arrangement among themselves and that this was not part of the work to be performed by the janitress. The petitioner is also faced with her testimony under oath, at the informal hearing, where she testified that she was carrying garbage to the yard and that this garbage was paper and dirt which had accumulated in the halls. In that testimony she did not mention that she had performed any work in the front vestibule prior to the accident or that she had removed any dirt in the front vestibule. Then again in her claim petition, under oath, she states that she was taking refuse, which she had collected after sweeping the front and rear foyer halls, to the garbage cans just before the accident occurred.

The tenants who testified for the respondent apparently are disinterested and there was no evidence of any kind which

would indicate that they had any ill-will towards the petitioner. The petitioner did not produce any tenant or any other disinterested witness to show that sweeping the halls was a part of the janitress' duty. Mrs. Brodkin, who testified in her behalf, is a next door neighbor, but her testimony was contradicted by three of the tenants. She admitted on cross-examination that she left the apartment before the tenants, so that she did not know what conversation took place between the petitioner and the tenants.

I have reviewed the testimony carefully, both in the informal and in this hearing, and I am constrained to find that the petitioner has failed to prove her case by a fair preponderance of the evidence and that the respondent must prevail.

\* \* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*